

THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

(617) 727-2200
www.mass.gov/ago

January 5, 2026

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 2500
Boston, MA 02210

**Re:  Response to Appellants' Notice of Supplemental Authority in Nos. 25-1611, *American Public Health Ass'n v. National Institutes of Health*, and 25-1612, *Commonwealth of Massachusetts v. Robert F. Kennedy, Jr.***

Ms. Dubrovsky:

I write on behalf of the plaintiff states in No. 25-1612 in response to defendants' January 2 letter.

The parties' district-court stipulation does not bear on any of the issues now before this Court; indeed, the stipulation expressly carves out any claims decided in the district court's partial final judgment and subsequent opinion.  State Stipulation §II-10.  Defendants' letter does not argue otherwise.  That said, defendants continue to mischaracterize the scope of Phase 1, which was not limited to "issues concerning the termination of existing grants" (Defs.' Letter 1), but also addressed the legality of the Challenged Directives (States' Br. 18 n.12).

NIH's December 12 "Staff Guidance" likewise does not affect the outcome of the current appeal—and, again, defendants make no argument to the contrary.  To the extent defendants offer the guidance to support their contention that the case is moot, that suggestion fails.  By its own terms, the guidance "does not apply to any grant that is . . . the subject of litigation or court orders"—*i.e.*, the grants at issue in this case.  Staff Guidance 1.  And even if the guidance did apply, defendants have not shown (1) that it is "absolutely clear" that they have permanently abandoned their attempts to enforce the Challenged Directives (States' Br. 45-46), and (2) that they have "completely and irrevocably eradicated" plaintiffs' injuries (States' Br. 44-45).

To the contrary, the NIH director's recent public statements[*] make clear that defendants view any supposedly "new" guidance as just a continuation of—and of a piece with—the Challenged Directives.

For these reasons, and those set forth in our brief, the Court should affirm the judgment below.

    Sincerely,

    /s/ Gerard J. Cedrone

    *Deputy State Solicitor*
    (617) 963-2282
    gerard.cedrone@mass.gov

cc: all counsel of record (via ECF)

---

[*] Oza, *NIH Director Says DEI-Related Grants That Were Restored Under a Court Order Won't Be Renewed*, STAT News (Dec. 31, 2025) (attached as Ex. A) ("I put [out] a director statement that says, 'Look, uh, we are not interested in funding DEI anymore.' So when [plaintiffs' grants] come up for renewal over the course of the year, we won't renew them."); *NIH Director Jay Bhattacharya End of Year Wrap Up* at 34:43-36:39, YouTube, https://youtu.be/D9uJf4AqWrw (Dec. 31, 2025).