

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW

Washington, DC 20530

Tel: 202-616-2875

March 19, 2026

**VIA CM/ECF**

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

RE:    *American Public Health Association, et al. v. National Institutes of Health, et al.*, No. 25-1611 & *Commonwealth of Massachusetts, et al. v. Robert F. Kennedy, Jr., et al.*, No. 25-1612.

Dear Ms. Dubrovsky:

The Ninth Circuit's decision in *Pacito v. Trump*, 2026 U.S. App. LEXIS 6586 (9th Cir. Mar. 5, 2026), does not support jurisdiction for the district court's order here to reinstate plaintiffs' terminated grants. *See* Gov. Br. 19–22; Gov. Reply 3–10.

As a threshold matter, the Supreme Court already decided in this case that the district court lacked jurisdiction under the Administrative Procedure Act to reverse plaintiffs' grant terminations. *NIH v. American Pub. Health Ass'n*, 145 S. Ct. 2658, 2659 (2025). That holding, as this Court recognized, means that the order under review "effectively told NIH that it had to reinstate the terminated grant agreements, thus requiring NIH 'to pay money' based on them," which is a case that "belong[s] in the [Court of Federal Claims]." *Massachusetts v. NIH*, 164 F.4th 1, 12 (1st Cir. 2026).

*Pacito* does not support a different result. That case concerned a district court order requiring reinstatement of cooperative agreements to provide resettlement services for refugees. 2026 U.S. App. LEXIS 6586 at *37. In holding that the Tucker Act did not apply, the Ninth Circuit found dispositive the "cooperative agreement" label and the fact the agency was "substantially involved in carrying out [certain] aspects of this cooperative agreement." *Id.* at *58-59. That holding is inconsistent

with clear Federal Circuit precedent that applies the "traditional four-part test for the existence of a government contract." *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1339 (Fed. Cir. 2021).  In any event, that reasoning was never a basis for the district court's judgment, which did not even consider the degree of continuing involvement by NIH.  Indeed, *Pacito* itself acknowledged that for the agreements at issue in this case, it appears "the CFC had jurisdiction over the claims, thus depriving the district court of review under § 704 of the APA."  2026 U.S. App. LEXIS 6586 at *63.

Accordingly, *Pacito* provides no basis for this Court to depart from the Supreme Court's clear instruction (and Federal Circuit precedent) that the district court lacked jurisdiction to reverse the termination of plaintiffs' grants.

Sincerely,

_s/_____
Benjamin C. Wei
Attorney

cc:    Counsel of Record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 343 words.

*s/ Benjamin C. Wei*
Benjamin C. Wei

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, I electronically filed the foregoing letter with the Clerk of the U.S. Court of Appeals for the First Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*s/ Benjamin C. Wei*
Benjamin C. Wei